UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXT MOVE HOMELESS SERVICES, et al.,<br><br>    Defendants. | No. 2:22–cv–0876–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF Nos. 1, 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Because the complaint fails to state a claim and amendment would be futile, the court recommends that the action be dismissed, and that plaintiff's application to proceed in forma pauperis be denied as moot.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a)[2] requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A claim may be dismissed if it is legally frivolous, that is, lacking an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**Analysis**

This action is the latest in plaintiff's growing list of unmeritorious cases filed in this district: the seventh filed here within the last three years. Similar to plaintiff's other recent complaints, the entirety of plaintiff's claim is contained in a single paragraph, alleging without any factual detail that his identity was stolen and used to buy and sell property; his "mobile accounts controlled"; and that he was the victim of "wire fraud" and fraudulent healthcare services. (ECF No. 1 at 8-9.) Plaintiff, who lives in California (and was recently re-incarcerated after the filing of this complaint, see ECF No. 3), names 111 separate defendants—all California counties, agencies, businesses and organizations. (ECF No. 1 at 2-4.) Plaintiff checks the "federal question" jurisdiction box, listing violations of "fraud, wire transfer, online shopping, debit card fraud, and Proposition 63, Mental Health Services Act (MHSA),[3] identity theft." (Id.

---

[3] The MHSA is a California state statute enacted by Proposition 63 in 2004.

at 5-6.) He requests $295 million in damages. (Id. at 10.)

Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient facts from which the court can draw a reasonable inference that any defendant violated federal law. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Instead, the complaint consists almost entirely of the same non-specific and fanciful allegations that are seen in his prior cases. (See, e.g., No. 2:20-cv-00509-KJM-KJN, ECF No. 3, findings and recommendations, adopted at ECF No. 4.) The few facts alleged are not clearly tied to any legal claims, and plaintiff utterly fails to connect any of the 111 defendants—a collection of unrelated organizations, businesses, and government entities—to his allegations. Thus, the complaint lacks the "facial plausibility" of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. For these reasons, it is apparent that amendment would be futile, and so the undersigned recommends that the complaint be dismissed with prejudice.

The undersigned further notes plaintiff's history of filing cases with IFP requests, usually against numerous defendants (in the double-digits), alleging some facet of "identity theft" or "computer fraud" style claims, and requesting inordinate amounts of damages (ranging from the hundreds of millions to several billion dollars). These cases have all been dismissed at the screening stage.[4]

This history of litigiousness not only counsels against providing leave to amend, but continues to indicate that a vexatious-litigant label may need to be applied to plaintiff's filings.

---

[4] See 2:16-cv-3029-GEB-GGH (dismissing $15 billion damages complaint against 52 defendants for failure to state a claim, despite leave to amend); 2:16-cv-3049-MCE-EFB (dismissing $12 billion damages complaint against 48 defendants for failure to state a claim and failure to amend); 2:17-cv-0934-TLN-EFB ($500 million in damages against 17 defendants dismissed for failure to state a claim and failure to amend); 2:17-cv-0939-GEB-DB ($400 million claim against 12 defendants dismissed for failure to state a claim and failure to amend); 2:20-cv-0332-JAM-AC (dismissing frivolous claim without leave to amend); 2:20-cv-0330-KJM-EFB (dismissing $5 million identity-theft claims against 7 defendants as "conclusory"); 2:20-cv-0346-TLN-EFB (dismissing $550 million identity-theft claim for failure to state a claim); 2:20-cv-0461-KJM-EFB (dismissing $500 million claim based on "vague and fanciful allegations" of phone hacking against 18 defendants for failure to state a claim); 2:20-cv-0509-KJM-KJN (dismissing $795 million claim of "fraud, wire transfer, and computer privacy act" violations against 25 defendants as fanciful and delusional).

Under such an order, plaintiff would be barred from filing, and the court would not consider, any cases brought by plaintiff unless they are deemed to be non-frivolous. See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). This is the second time plaintiff has been warned, making it more likely that the court will take up a vexatious litigant proceeding against him in the future. (See No. 2:20-cv-00509-KJM-KJN, ECF No. 3 at 3-4.) Plaintiff would do well to heed this warning before continuing to file generic and fanciful claims going forward.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED for failure to state a claim;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 25, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lewi.876

5